IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY LOU DOHERTY, JAMES DOHERTY, and JOHN DOHERTY, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALLSTATE INDEMNITY COMPANY, <br> *Defendant*. | CIVIL ACTION <br> No. 15-05165 |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                   December 22, 2015

On August 18, 2015, Plaintiffs Mary Lou Doherty, James Doherty and John Doherty ("Dohertys") filed a complaint in the Philadelphia County Court of Common Pleas alleging that Defendant Allstate Indemnity Company ("Allstate") failed to compensate them pursuant to their insurance coverage for two separate loss events in excess of $500,191. (*See generally* Compl., ECF No. 1 at Ex. A.)  On September 15, 2015, Allstate removed the complaint to this Court. (Notice of Removal, ECF No. 1.)  The Dohertys filed a Motion to Remand on October 15, 2015. (Pls.' Mot., ECF No. 9.)  They argue that by serving a subpoena[1] with the state court caption on it one day after removal, Allstate waived its right to removal. (*See generally* Pls.' Mot.)  In response, Allstate contends that removal was proper as no such waiver was made and there is diversity jurisdiction. (Df.'s Resp., ECF No. 16.)  For the reasons that follow, the Court denies the Dohertys' motion.

---

[1]    Allstate sent the subpoena to Radnor Township to "produce documents and things for discovery pursuant to Rule 4009.21." (Pl.'s Mot. at Ex. B.)

1

**I.**

The Dohertys' complaint alleges that they own two rental units located in Bryn Mawr, Pennsylvania. (Compl. ¶ 1.) They rent each unit for $1,500 to $1,600 a month, for a total of $3,000 to $3,200 per month. (*Id.* ¶¶ 6, 8, 14.) On August 27, 2014, the Dohertys suffered "physical loss and damage" to their units. (*Id.* ¶ 9.) Thereafter, they a sent notice to Allstate of the incident, which allegedly resulted in physical damage and loss of rent in excess of $69,382. (*Id.* ¶¶ 9–10.) On July 2, 2015, they suffered another physical loss and damage event to the units. (*Id.* ¶ 15.) They sent a notice to Allstate of the second incident, which allegedly resulted in physical damage and loss of rent in excess of $430,809. (*Id.* ¶¶ 15–16.)

The Dohertys contend that at all relevant times they maintained insurance coverage with Allstate that protects against the two events. (*Id.* ¶¶ 3, 7, 13.) They argue that Allstate's failure to reimburse them for the incidents is a breach of contract and claim total damages in excess of $500,191. (*Id.* ¶¶ 11–12, 17–19.)

**II.**

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity statutes "must be narrowly construed," so that the congressional intent to restrict federal diversity jurisdiction is honored. *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1044 (3d Cir. 1993).

Generally, a defendant must file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). The removing party bears the burden of demonstrating

that the district court has jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Any doubts as to the propriety of removal are resolved in favor of remand. *See Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). In removal cases, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398; *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).

### III.

Allstate's removal was proper under 28 U.S.C. Section 1446(b)(1). The Dohertys are citizens of Pennsylvania. (Notice of Removal ¶ 4.) Allstate is incorporated and has its principal place of business in Illinois. (*Id.* ¶ 3.) The Dohertys' complaint alleges damages in excess of $500,191. (Compl. ¶ 19.) Allstate's policy limit for such claims is between $376,777 and $369,981. (Notice of Removal at 22, 34.) The Court has original jurisdiction over the action as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a). Allstate timely removed the complaint within thirty days of receiving the Dohertys' initial pleading. 28 U.S.C. § 1446(b)(1).

Instead of arguing that the Court lacks jurisdiction, the Dohertys contend that Allstate waived its right to remove when it used a subpoena with the state court caption after removal. (Pls.' Mot. at 8–13.) The Dohertys argue that such a subpoena, in addition to waiving Allstate's right to removal, prejudiced them by "precluding them from objecting to Allstate's ongoing discovery by improperly invoking the authority" of the Court of Common Pleas. (*Id.* at 10.) In

---

[2] The Dohertys do not dispute that this Court has jurisdiction. (*See generally* Pls.' Mot.).

the Dohertys' view, this has allowed Allstate to get a "second chance" at discovery in the Court of Common Pleas while simultaneously pursuing discovery in federal court.  (*Id.*)

In support of their position, the Dohertys cite a single case, *Sacko v. Greyhound Lines, Inc.*, No. 13-CV-1966, 2013 WL 2392906 (E.D. Pa. May 31, 2013).  *Sacko* undermines, not supports, the Dohertys' position.  In *Sacko*, the plaintiff made two arguments for remand.  *See Sacko*, 2013 WL 2392906, at *2.  First, he argued that the defendant filed the notice of removal more than thirty days after being served a writ of summons.  *Id.*  The court found that the writ of summons is not an "initial pleading" pursuant to 28 U.S.C. Section 1446.  *Id.*  Instead, the defendant timely removed the complaint, which is an initial pleading, fifteen days after receipt.  *Id.*  Second, plaintiff argued that the defendant's filing of preliminary objections and a joinder complaint in the Court of Common Pleas waived its removal right.  *Id.*  The court also rejected this argument, as the state court filings failed to show a "clear and unequivocal" waiver of the right to remove.  *Id.*

Neither *Sacko*'s holding nor its reasoning supports the Dohertys' motion to remand.  For Allstate to have waived its right to removal, it must have done so in a "clear and unequivocal" fashion.  *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991).  Such a waiver is found when a defendant experiments with the merits of the case in state court and then seeks to remove the case to federal court, often after receiving an adverse decision.  *See Rosenthal v. Coates*, 148 U.S. 142, 147 (1983) (stating removal acts "do not contemplate that a party may experiment on his case in state court, and, upon an adverse decision, then transfer it to the federal court").  Allstate's serving of a subpoena with the state court caption one day after removal falls far short of any "clear and unequivocal" waiver.  *See, e.g.*, *Saccomandi v. Delta*

4

*Airlines, Inc.*, No. 08-1434, 2008 WL 2805613, at *3 (E.D. Pa. July 22, 2008); *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 863 (W.D. Pa. 1976).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.